UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-02164-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**<br><br>**ORDER DENYING MOTIONS TO JOIN PLAINTIFFS**<br><br>Dkt. Nos. 11 and 15 |

## INTRODUCTION

Plaintiff Daronta T. Lewis's 42 U.S.C. § 1983 complaint contains various deficiencies that must be cured through an amended complaint before I can assess whether this suit can proceed. To assist Lewis in preparing an amended complaint, the court will attempt to locate counsel for him. In a separate order, I will ask the Federal Pro Bono Project to find counsel for Lewis. If suitable counsel is found, I will issue an order officially appointing that person as counsel.

The operative complaint is DISMISSED with leave to amend. (Dkt. No. 17.) The Court will set a filing date for the amended complaint after counsel has been appointed, or after it has been determined that suitable counsel cannot be found.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Lewis wishes to bring a class action against Contra Costa County, the Contra Costa Board of Supervisors, the Martinez Detention Facility, and the West County Detention Facility in Richmond. (First Amended Complaint, Dkt. No. 17.) He raises claims on behalf of himself and other inmates because of (i) unsanitary conditions and (ii) deprivation of court access at the Martinez and West County Detention Facilities. He also has filed motions to join persons as plaintiffs in this action. (Dkt. Nos. 11 and 15.)

The complaint contains various deficiencies that will have to be cured before the Court can determine whether the suit should proceed. First, pro se prisoner-plaintiffs cannot bring class actions. A layperson cannot adequately represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes

almost absolute when, as here, the putative class representative is imprisoned and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). A plaintiff's privilege to appear *in propria persona* is a "privilege . . . personal to him. He has no authority to appear as an attorney for others." *McShane*, 366 F.2d at 288, citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, Lewis can proceed here pro se only on claims that his rights were violated. Permission to proceed as a class action is DENIED. Lewis's motions to join plaintiffs are DENIED. (Dkt. Nos. 11 and 15.)

Second, the claims are not related by fact or law or place of occurrence. The defendants are different: not only are they different institutions, but the persons at those institutions responsible for maintaining the cleanliness of cells are not necessarily the same persons responsible for ensuring court access. Also, Eighth Amendment claims of unsanitary cell conditions and First Amendment right of access to the courts involve different legal standards. In his amended complaint, Lewis must decide which claim to proceed with, e.g., unsanitary conditions or denial of court access, not both.

Third, Lewis cannot pursue unrelated claims against unrelated defendants. In his amended complaint, he must choose defendants at Martinez Detention Facility or at the West County Detention Facility.

Fourth, Lewis's allegations must allege specific claims against specific persons, not simply institutions or government bodies. For example, it is not sufficient to name only alleged policy makers, such as Contra Costa County, as defendants. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), but a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the

3

1  municipality had a policy; (3) that the policy amounted to deliberate indifference to the
2  plaintiff's constitutional rights; and (4) that the policy was the moving force behind the
3  constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d
4  432, 438 (9th Cir. 1997).  Nothing in the operative complaint meets these requirements.

5  Furthermore, policy makers can be held liable only if there is an underlying
6  constitutional violation committed against plaintiff by an individual who operates under
7  the policy.  For example, Lewis must state the person or persons responsible for the
8  unsanitary conditions and detail with specificity what efforts he made to inform the
9  persons responsible for the conditions, who addressed his complaints regarding the
10 conditions of confinement, and how long he was held at the facility.  He must also detail
11 the conditions in his cell and whatever injuries he may have sustained.  Providing
12 generalized descriptions of the conditions at the facility itself is not sufficient.  The same
13 applies to his claims of denial of court access.  He must name the person(s) responsible, to
14 whom he addressed his complaints of denial of access, and who refused to accommodate
15 his requests.  Furthermore, in his denial of access claim, Lewis must allege facts showing
16 that he suffered an actual injury.  To show this, facts must be alleged that the inadequacy
17 in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his
18 conviction or conditions of confinement.  *Lewis v. Casey*, 518 U.S. 343, 351, 354-55
19 (1996).

20 Any claims regarding the conditions of his confinement must be administratively
21 exhausted prior to filing suit.  "No action shall be brought with respect to prison conditions
22 under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,
23 prison, or other correctional facility until such administrative remedies as are available are
24 exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory and a
25 prisoner's failure to comply with this requirement cannot be excused by the courts.  *Ross v.*
26 *Blake*, 136 S. Ct. 1850, 1856-58 (2016).

27 To assist Lewis in preparing an amended complaint, the court will attempt to locate
28 counsel for him.

## CONCLUSION

Lewis's motions to join plaintiffs are DENIED. (Dkt. Nos. 11 and 15.) In a separate order, the Court will ask the Federal Pro Bono Project to find counsel for Lewis. If suitable counsel is found, the Court will issue an order officially appointing that person as counsel.

**IT IS SO ORDERED.**

**Dated:** August 18, 2020



WILLIAM H. ORRICK
United States District Judge