UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br>　　　　Plaintiff,<br>　　v.<br>CONTRA COSTA COUNTY, et al.,<br>　　　　Defendants. | Case No. 20-cv-02164-WHO (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

On August 19, 2020, I referred this case for possible placement with a pro bono attorney and issued a stay of proceedings. Dkt. No. 25. The day before, I had dismissed plaintiff Daronta Lewis's federal civil rights action under 42 U.S.C. § 1983 after review and granted his status to proceed in forma pauperis (IFP). Dkt. Nos. 24 and 25. The Federal Pro Bono Project has been unable to place this case with pro bono counsel. The stay is lifted.

Plaintiff Daronta Lewis may proceed pro se. But I have learned in the interim that he may not be entitled to IFP status under 28 U.S.C. § 1915 because he has brought three or more lawsuits that were frivolous, malicious or failed to state a claim on which relief could be granted. Accordingly, **Lewis is ordered to show cause on or before July 6, 2021 why 28 U.S.C. § 1915(g) does not bar pauper status.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise *sua sponte* the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Lewis has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

(1) *Lewis v. Ugwueze* (*Ugwueze*), No. 1:20-cv-00575-DAD-SKO (E.D. Cal. Oct. 5, 2020) (complaint dismissed as duplicative by a district judge upon the recommendation of a magistrate judge, after plaintiff admitted he had intentionally filed a duplicative action);

2

(2) *Lewis v. Allio* (*Allio*), No. 2:18-cv-00196-JAM-CKD (E.D. Cal. Oct. 3, 2018) (complaint dismissed with leave to amend by a magistrate judge[1] because plaintiff failed to identify a cognizable claim; suit ultimately dismissed by a district judge for failure to file an amended complaint);

(3) *Lewis v. Hoagland* (*Hoagland*), No. 2:11-cv-01763-GGH (E.D. Cal. Nov. 18, 2011) (complaint dismissed with leave to amend by a magistrate judge because plaintiff failed to identify any defendant who was personally involved in the alleged wrongful acts; suit ultimately dismissed by a district judge for failure to file an amended complaint);

(4) *Lewis v. Brown* (*Brown*), No. 2:09-cv-00195-FCD-DAD (E.D. Cal. Oct. 15, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file a second amended complaint);

(5) *Lewis v. Antonen* (*Antonen*), No. 2:08-cv-01764-WBS-KJM (E.D. Cal. Nov. 12, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file a second amended complaint); and

(6) *Lewis v. Neilson* (*Neilson*), No. 2:06-cv-01532-FCD-CMK (E.D. Cal. March 27, 2007) (complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for

---

[1] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

3

a "short and plain" statement, and on its face the complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file an amended complaint).

Each of these dismissals counts as a strike under the Prison Litigation Reform Act (PLRA). As to *Ugwueze*, the Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2). As to *Allio*, the failure to assert a cognizable claim constitutes a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (affirming district court's conclusion that the failure to assert a cognizable claim counted as a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike). As to *Hoagland*, the failure to name a proper defendant constitutes as a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See O'Neal v. Price*, 531 F.3d 1146, 1148, 1156 (9th Cir. 2008) (affirming district court's determination that dismissal was a strike where, among other things, the court dismissed for failure to name proper defendant); *Harris*, 863 F.3d at 1143. As to *Brown*, *Antonen*, and *Neilson*, the failure to correct a vague, conclusory, and prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted); *Harris*, 863 F.3d at 1143.

4

In light of these dismissals, and because Lewis does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and the present suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Lewis's response to this order to show cause is due no later than **July 6, 2021.** The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Lewis may avoid dismissal by paying the full filing fee of $400.00 by July 6, 2021.

Failure to file a response by **July 6, 2021**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.

Lewis filed numerous motions while this case was stayed. All pending motions are DENIED as moot. The Clerk shall terminate all pending motions. In the event Lewis shows cause that this suit should not be dismissed under § 1915(g), or pays the full filing fee, he will be allowed to file an amended complaint that addresses the deficiencies noted in the Order dismissing his complaint.

**IT IS SO ORDERED.**

**Dated:** May 19, 2021

WILLIAM H. ORRICK
United States District Judge